UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
ANTONIO SCOTT,                                  :
                                                :
                Petitioner,             :      11 CV 4638 (HB)
                                                :      08 CR 360  (HB)
   -against-                                   :
                                                :      OPINION & ORDER
UNITED STATES OF AMERICA,                       :
                                                :
                Respondent.             :
------------------------------------------------------------------------x

**Hon. HAROLD BAER, JR., District Judge[1]:**

        Antonio Scott ("Petitioner"), proceeding pro se, brings this petition to vacate, set aside, or correct his federal criminal sentence pursuant to 28 U.S.C. § 2255. Petitioner alleges two grounds for relief. He argues that: (1) trial counsel failed to object to improper comments by the prosecutor, which Petitioner argues expressed personal beliefs of the prosecutor about his guilt, vouched for two witnesses, and inflamed the passions of the jurors; and (2) trial counsel failed to object to an allegedly flawed jury instruction on the interstate commerce element of the Hobbs Act. For the reasons set forth below, this petition is DENIED.

## I. BACKGROUND

        In September 2008, Petitioner and his codefendant were charged with conspiracy to commit a Hobbs Act robbery in violation of 18 U.S.C. § 1951(b)(1) ("Count 1"); (2) attempted Hobbs Act robbery in violation of 18 U.S.C. § 1951(b)(1) ("Count 2"); (3) attempted possession with the intent to distribute marijuana in violation of 18 U.S.C. § 2 and 21 U.S.C. § 846 ("Count 3"); and (4) using or carrying a firearm, during and in relation to, a crime of violence or narcotics trafficking crime under 18 U.S.C. § 2 and 18 U.S.C. § 924(c)(1)(A)(ii)–(iii) ("Count 4"). Although Petitioner was also charged with being a felon in possession of a firearm, the government dismissed that count prior to trial, which commenced on October 14, 2008. This trial ended on October 21, 2008, when a jury found Petitioner and his codefendant guilty as to all four counts. On January 30, 2009, Petitioner was sentenced to 207 months in federal prison, to be followed by three years of supervised released, and a mandatory $400 special assessment.

---

[1] Matthew DeFrancesco, a second-year student at New York Law School and a Spring 2012 intern in my Chambers, provided substantial assistance in researching and drafting this opinion.

1

In November 2008, Petitioner filed a motion for judgment of acquittal and moved for a new trial. In part, these motions argued that the jury instruction on the interstate commerce element of the Hobbs Act was flawed because it failed to explain that the prosecution had to show an impact on interstate commerce. On January 7, 2009, this Court entered an order rejecting that argument. The Court of Appeals affirmed Petitioner's conviction. *United States v. White*, 372 F. App'x 115, 116 (2d Cir. 2010).

## II. GENERAL STANDARD OF REVIEW

The requested relief is "generally available under § 2255 only for a constitutional error . . . or an error of law or fact that constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Cuoco v. United States*, 208 F.3d 27, 30 (2d Cir. 2000). Where a habeas Petitioner is a pro se litigant, the Court shall "'read his supporting papers liberally, and will interpret them to raise the strongest arguments that they suggest.'" *Rodriguez v. United States*, No. 10 CIV. 5259 (KTD), 2011 WL 4406339, at *2 (S.D.N.Y. Sept. 22, 2011) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).

Most habeas claims are procedurally barred if they are not pursued on direct appeal. *See Mui v. United States*, 614 F.3d 50, 55 (2d Cir. 2010). However, ineffective assistance of counsel claims may be raised in a § 2255 petition even though they were not raised on direct appeal. *Id.* (citing *Massaro v. United States*, 538 U.S. 500, 508–09 (2003)). Petitioner's claims are not therefore barred merely because they were not pursued on direct appeal. Nevertheless, ineffective assistance of counsel claims cannot be used to relitigate claims that are themselves procedurally barred or were disposed of on the merits. *See, e.g.*, *Azzara v. United States*, No. 02 CR 1446, 2011 WL 5025010, at *6 (S.D.N.Y. Oct. 20, 2011) (stating that the defendant could not "repackage[]" procedurally barred claims pursued on direct appeal as ineffective assistance of counsel claims).

## III. DISCUSSION

### A. Applicable Standard for Ineffective Assistance of Counsel and Prosecutorial Misconduct Claims

Although it is not clear whether Petitioner brings separate ineffective assistance of counsel claims and prosecutorial misconduct claims, both types of claims will be considered.

In order to prevail on a claim of ineffective assistance of counsel, Petitioner must (1) illustrate that his counsel's conduct fell below the "objective standard of reasonableness," and (2) "affirmatively prove prejudice." *Rodriguez v. United States*, No. 10 CIV. 5259 (KTD), 2011

2

WL 4406339, at *2 (S.D.N.Y. Sept. 22, 2011) (quoting *Strickland v. Washington*, 466 U.S. 668, 693–94 (1984)). "[A] Court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . ." *Strickland*, 466 U.S. at 689. Prejudice is established if Petitioner demonstrates that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. The question is not whether the attorney in question adhered to the best practices or customs. *Harrington v. Richter*, 131 S. Ct. 770, 778 (2011). Rather, the relevant query is whether the "attorney's representation amounted to incompetence under the prevailing professional norms." *Id.* (internal quotation marks omitted).

In the context of an alleged failure to object to prosecutorial misconduct, "if there is no merit to the underlying charge of prosecutorial misconduct, an attorney is not ineffective for his or her failure to object on such grounds." *Bilzerian v. United States*, Nos. 95 Civ. 1215(RJW), 88 Cr. 962(RJW), 1996 WL 524340, at *7 (S.D.N.Y. Sept. 13, 1996) (quoting *Grant v. Scully*, No. 90 Civ. 4429, 1993 WL 88207, at *5 (S.D.N.Y. Mar. 19, 1993)). In order "[for] a federal habeas Court to find a due process violation" based on prosecutorial misconduct "Petitioner must show that, in the context of the entire trial, that conduct had such a prejudicial effect that Petitioner was denied a fundamentally fair trial." *Mucci v. Quinlan*, No. 83 Civ. 7263, 1986 WL 6776, at *6 (S.D.N.Y. June 10, 1986) (citing, *inter alia*, *Donnelly v. DeChristoforo*, 416 U.S. 637, 642–43 (1974)). In determining whether there was substantial prejudice courts must consider (1) the severity of the misconduct, (2) measures taken to cure the misconduct, and (3) the certainty of conviction absent the misconduct. *Id.*; *see also United States v. Banki*, No. 10-3381-CR, 2012 WL 539962, at *18 (2d Cir. Feb. 21, 2012, revised Feb. 21, 2012, and Feb. 22, 2012). Finally, courts are even less likely to find that there was prosecutorial misconduct due to statements made during rebuttal summations, as they are usually improvised. *United States v. Arias-Javier*, 392 F. App'x 896, 899 (2d Cir. 2010).

### B. The Prosecutor's Purported Expression of Personal Knowledge of the Defendant's Guilt and Endorsement of Two Witnesses

Petitioner first argues that his counsel should have objected to statements by the prosecutor that, he says, expressed the government's personal knowledge of his guilt and its endorsement of two witnesses. At the beginning of the trial, the Court informed the jury that "neither openings nor summations constitute evidence." Thereafter, the jury heard the opening statement given by the prosecutor, which stated that "On March 6th of this year, a little bit after

8:15 at night, these two men, the defendant Antonio Scott and O'Kene White, ambushed a grandmother who was on her way home to her family." Trial Tr. at 126. A few statements later, the prosecutor said:

> Now as Judge Baer told you, his opening statement is my chance to tell you what *the evidence will show* about how and why the defendants and the rest of those robbers tried to rob Rosemarie Hill and the rest of her family that night.

*Id.* (emphasis added). The prosecutor mentioned "what the evidence will show" numerous times after that, while intermittently referring to the defendants as robbers. *See, e.g.*, *id.* at 127–28 (stating that "[t]he evidence will show that while the robbers were in that apartment, they kept demanding information" and that "the defendants and the rest of those masked gunmen forced their way into the apartment . . . "). Towards the end of the opening statement, the prosecutor also said, "[s]o that's what the evidence will show." *Id.* at 133.

During the very beginning of the summation, the prosecutor stated that "Mr. Smith told you last week at the beginning of the trial that we would prove beyond a reasonable doubt that these defendants committed that robbery" and that "the evidence is now in, and I submit that we kept our promise . . . ." Trial Tr. at 640–41; *see also id.* at 641 (" . . . I want to talk about the evidence and how it shows their guilt."). Thereafter, the prosecutor referred to the defendants as the men who had committed the robbery. *See id.* at 644.

Likewise, during the rebuttal summation the prosecutor said, "[The defendants] are the ones who barged into Rosemarie Hill's apartment and Brutalized and terrorized that family . . . ." *Id.* at 711. However, the prosecutor began his rebuttal summation by stating, "This case is all about all of the evidence, about what all of the evidence shows." *Id.* at 703. During the rebuttal summation the prosecutor also commented on the credibility of two witnesses when saying, "Your common sense tells you Stacy Roberts was telling the truth on all the important points that she testified about . . . ." *Id.* at 707. The prosecutor continued, "You saw [Rajiem Black] testify. Was he brave? Sure. You heard how he acted during the robbery. Was he credible? Absolutely. Was he lying? Would he lie for anybody? Your common sense tells you no." *Id.* at 707–08. The prosecutor also said, "But Rajiem was telling the truth, and he told the truth about everything. Your common sense tells you that." *Id.* at 708. These statements were made after the defense attacked the credibility of these two witnesses. *See, e.g.*, *id.* 681–82 ("I submit to you that [Stacy Roberts] lied here . . . ,"); *id.* at 685–86 ("But as much as [Rajiem Black] is credible, he's also a kid. And he's going to do his parents' bidding."). Additionally, before the jury deliberated, this

4

Court reiterated once again that opening statements and summations did not constitute evidence. *Id.* at 717–18 ("[A]rguments or statements by lawyers, including openings and summations[,] . . . are not evidence.").

Petitioner did not receive ineffective assistance of counsel because of his lawyer's failure to object to the aforementioned remarks. The underlying claim of prosecutorial misconduct cannot be established because the prosecutor's statements were neither patently improper nor prejudicial. The prosecutor's remarks during the opening statement, closing statement, and rebuttal were not improper because—when viewed in context—it was clear that the prosecutor was making arguments based on the evidence rather than personal convictions. *See United States v. Herredia*, 153 F. App'x 50, 54 (2d Cir. 2005) ("Here . . . the prosecutor was properly discussing the evidence and was not referring to his personal beliefs or to any additional information he might have had."). The prosecutor repeatedly alluded to what the evidence would establish. The prosecutor never used personal pronouns to indicate personal knowledge of the defendants' guilt or alluded to extrinsic evidence. *See United States v. Rivera*, 22 F.3d 430, 437 (2d Cir. 1994) (noting that prosecutors should not use personal pronouns because "it tends to make an issue of [the prosecutor's] own credibility, or to imply the existence of extraneous proof"). Finally, even in cases where a prosecutor has expressly referred to the defendants as criminals, courts have not deemed such statements improper so long as the prosecutor was merely commenting on the evidence. *See, e.g.*, *United States v. Beridze*, 415 F. App'x 320, 327 (2d Cir. 2011) ("[W]e cannot say that references in an opening statement to 'members of the defendant's criminal enterprise' and his criminal associates . . . constitute misconduct."). Because Petitioner cannot establish the underlying claim for prosecutorial misconduct, his counsel could not have been ineffective for failing to object that conduct. *See Lavayen v. Duncan*, 311 F. App'x 468, 470 (2d Cir. 2009) (refusing "to impose a constitutional obligation on defense counsel to object" when "the prosecutor's statement [was not] patently erroneous and prejudicial"); *see also Quail v. Farrell*, 550 F. Supp. 2d 470, 476 (S.D.N.Y. 2008) ("The failure to preserve a meritless claim cannot constitute ineffective assistance of counsel.").

Similarly, the prosecutor's comments concerning the credibility of Rajiem Black and Stacy Roberts were not improper. "When the defense counsel [attacks] . . . the credibility of the government [witnesses], the prosecutor is entitled to reply with rebutting language . . . ." *Arias-Javier*, 392 F. App'x at 898 (internal quotation marks omitted). Here, the prosecutor was entitled

to rebut the defense's impeachment of government witnesses, and the prosecutor made it clear that he was not injecting his personal beliefs into his arguments. Rather, he asked the jurors to use their common sense. *See United States v. Eltayib*, 88 F.3d 157, 173 (2d Cir. 1996) (finding that the prosecutor's request that the jury "draw inferences based on their common sense" did not interject "the prosecutor's personal beliefs or opinions into his argument").

Finally, even if the prosecutor's statements were improper, they did not create substantial prejudice. The Court's curative measures at the beginning and end of the trial eliminated any prejudice that could have occurred. The Court expressly told the jury that the arguments made by lawyers in the opening statements and rebuttals did not constitute evidence. *Cf. Roa v. Portuondo*, 548 F. Supp. 2d 56, 83 (S.D.N.Y. 2008) ("[E]ven if the prosecutor's remarks could be construed as an improper expression of her personal beliefs, [the judge] specifically cautioned the jury prior to opening statements that 'what counsel for either party [said was] not evidence'. . . . Accordingly, the prosecutor's opening statement did not deprive [the defendant] of a fair trial."). Finally, based on the evidence presented at trial, it is not plausible that the prosecutor's statements would have affected the certainty of the conviction. Indeed, when Petitioner was arrested, the evidence indicated that he was found lying face down on the rooftop of the robbery location. Trial Tr. at 302, 304, 310, 337–38, 444.

Thus, Petitioner's counsel was not unreasonable for not objecting to the aforementioned statements, which were neither improper nor prejudicial. Accordingly, his ineffective assistance of counsel claim based on those statements is meritless.

### C. The Prosecutor's Purported Comments that Inflamed the Passions of the Jurors

Petitioner next argues that his counsel provided ineffective assistance in not objecting to statements by the prosecutors that he says inflamed the passions of the jurors. Petitioner contends that the government attempted to appeal to the passions of the jurors by alluding to victims that were old and young when the prosecutor said, "On March 6th of this year, a little bit after 8:15 at night, these two men, the defendant Antonio Scott and O'Kene White, ambushed a grandmother who was on her way home to her family." *Id.* at 126. Petitioner also argues that the prosecutor should not have said, "They're the ones who barged into Rosemarie Hill's apartment and brutalized and terrorized that family without regard to those consequences." *Id.* at 711.

Petitioner's counsel could not have been ineffective for failing to object to those comments since such comments were not patently improper. Petitioner is correct in noting that

6

prosecutors cannot "use arguments calculated to inflame the passions or prejudices of the jury." *United States v. Bell*, 420 F. App'x 33, 35 (2d Cir. 2011) (internal quotation marks and citations omitted). As is true with other forms of prosecutorial misconduct, reversal "is warranted only where the improper comments can be said to so infect[] the trial with unfairness as to make the resulting conviction a denial of due process." *Id.* at 36.

Nevertheless, there was no prosecutorial misconduct based on these remarks. First, these statements were made during the rebuttal summation, which is often improvised and charged with emotion. *Arias-Javier*, 392 F. App'x at 899. Second, the remarks were not impermissible because "they constitute[d] a fair comment on the evidence at trial and reasonable inference therefrom . . . ." *Osario v. Conway*, 496 F. Supp. 2d 285, 301 (S.D.N.Y. 2007). The government is correct in noting that the prosecutor was merely describing the circumstances of the crime, which was relevant to the offense charged. *See* 18 U.S.C. § 1951(b)(1) ("The term robbery means the unlawful taking . . . of property from the person . . . of another . . . against his will, by means of actual or threatened force, or violence, or fear of injury . . . to his person . . . or the person . . . of a relative or member of his family."). Furthermore, the statements made during the rebuttal summation were not more emotionally charged than remarks that other courts deemed proper. *See, e.g.*, *Osario*, 496 F. Supp. 2d at 301 (holding that the prosecution's statements that the defendant's face was the last face the victim and her child "were ever going to see on this earth" and that the defendant had "pointed a gun at the victim's chest [and] robbed her in front of her children" were not improper because such comments were inferred from the evidence).

Second, even if the prosecutor's statements were aimed at inflaming the passions of the jurors, they could not be deemed more than an "aberration in an otherwise fair proceeding." *United States v. Elias*, 285 F.3d 183, 191 (2d Cir. 2002). The comments were merely isolated incidents. *Osario*, 496 F. Supp. 2d at 302 ("[A]s to the severity of the prosecutor's comments, the alleged prejudicial statements were a minor part of a long trial."). Moreover, the Court's instructions regarding the non-evidentiary nature of opening statements and summations would have cured any defect. *Id.* Finally, the evidence against Petitioner was such that the certainty of the conviction would not have been affected by these isolated remarks.

Thus, in the absence of prosecutorial misconduct, Petitioner cannot establish that his counsel was ineffective. Similarly, failure to object to non-prejudicial conduct cannot warrant a new trial.

### D. The Jury Instruction

Lastly, Petitioner argues that he received ineffective assistance of counsel because his attorney failed to object to an improper jury instruction. Trial Tr. 745–46. Petitioner asserts that this Court's instruction misled the jury on the charged offense because the instruction allowed the jury to convict based on the defendants' incorrect belief that their robbery would have an effect on interstate commerce. Pet. at 4.

The conduct of Petitioner's counsel with respect to the jury instruction did not fall below the objective standard of reasonableness and did not create substantial prejudice. This Court already rejected once the argument that the jury instruction was improper. *United States v. Scott*, No. 08 Cr. 368, 2009 WL 36548, at *6 (S.D.N.Y. Jan. 7, 2009). Thus, Petitioner's attorney acted reasonably when he didn't object to a correct instruction. *See United States v. Wolfson*, 642 F.3d 293, 296 n.1 (2d Cir. 2011) ("We have found no error in the jury instruction, and therefore, counsel could not have been ineffective for failing to object to it."). Likewise, such conduct was not prejudicial.

### IV. CONCLUSION

For the foregoing reasons, Antonio Scott's petition to vacate and remand his federal criminal sentence pursuant to 28 U.S.C. § 2255 is DENIED. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). As the petition makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253.

SO ORDERED.

Date: 6/11/12
New York, New York

HAROLD BAER, JR.
United States District Judge

8